OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We conclude that there is support in the record for the Appellate Division’s determination that defendant knowingly, voluntarily and intelligently waived his right to appeal and that a waiver of the right to appeal was an integral part of the negotiated plea. Significantly, defendant does not contend that the plea itself was not voluntary, knowing and intelligent. Rather, relying on People v Seaberg (74 NY2d 1), he argues that the waiver of the right to appeal was infirm because the court failed to conduct the type of inquiry discussed in Seaberg and demonstrated its own confusion, when at sentencing, the court advised defendant of his right to appeal.
We have consistently held that trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives *911 a plethora of rights (see, People v Nixon, 21 NY2d 338, cert denied sub nom. Robinson v New York, 393 US 1067; People v Harris, 61 NY2d 9). We have required, however, that for a waiver to be enforceable, it must be voluntary, knowing and intelligent (see, People v Harris, supra; People v Rodriguez, 50 NY2d 553; People v Adams, 38 NY2d 605; People v White, 32 NY2d 393; People v Nixon, supra), and we have specifically approved waivers of the right to appeal, finding that public interest concerns underlying plea bargains generally are served by enforcing such waivers (see, People v Seaberg, 74 NY2d 1, supra).
In Seaberg, we suggested more detailed guidelines for trial courts to follow in assuring that waivers are voluntary, knowing and intelligent (id., at 11) and observed that "the terms and conditions of the agreement and the defendant’s understanding of them [should] be placed upon the record to facilitate appellate review” (id.).
The plea and waiver here was concluded prior to our decision in Seaberg and although the record does not reveal an explicit waiver by defendant of his right to appeal, there is ample evidence in the record supporting the Appellate Division’s determination that defendant understood that he was waiving that right as part of the plea bargain and that his waiver was voluntary, knowing and intelligent. The crime of which defendant was accused was particularly tragic and defendant was in grave risk of a murder conviction and life sentence. His attorney explained at great length, on the record, that he had reviewed and evaluated the strength of the People’s evidence and discussed the case at length with the defendant and defendant’s family. Defense counsel then informed the court that a determination was made to seek and accept the People’s offer of a plea to manslaughter and a shorter sentence.
Counsel made it clear that "by taking of this plea [defendant] certainly would withdraw [the pretrial] motions and * * * certainly waive any right to appeal with regard to any aspects of the case.” The court thereafter questioned defendant as to his understanding of counsel’s statements and whether he had any questions concerning the statements. The court was assured by defendant that he understood and had no questions. Finally, before accepting the guilty plea the court again asked defendant if he had any questions either of his attorney or of the court; defendant had none. Thus here, as in Seaberg, "[t]here can be little doubt that the bargain was *912 reasonable, that defendant knew and understood the terms of it and that he willingly accepted them.” (People v Seaberg, supra, at 12.) A valid waiver of defendant’s right to appeal having been accomplished, the alleged confusion at sentencing could not operate to vitiate it.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.