■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. SHEA, Appellant. [679 NYS2d 428] —Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Seibert, Jr., J.), rendered August 16, 1996, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree.

In satisfaction of a 13-count indictment charging him with various theft-related crimes, defendant pleaded guilty to the crime of grand larceny in the second degree without agreeing to a specific sentence. During his plea allocution, defendant executed a written waiver of his right to appeal but was not specifically questioned by County Court as to whether he understood its terms. He was thereafter sentenced to a prison term of 3⅓ to 10 years. Defendant appeals, arguing that County Court's failure to inquire into whether he understood the written waiver and its consequences invalidated the waiver, thus permitting this challenge to the severity of his sentence.

Initially, we find that defendant effectively waived his right to appeal. The failure to conduct an on-the-record inquiry into whether an appeal waiver is voluntary will not invalidate the waiver where the record demonstrates that the defendant understood and willingly accepted its terms (*see, People v Moissett*, 76 NY2d 909, 911; *People v Harris*, 242 AD2d 782, *lv denied* 91 NY2d 1008). Here, defense counsel stated his understanding that defendant was waiving his right to appeal as a condition of the plea agreement. Thereafter, County Court inquired into whether defendant understood counsel's statements and defendant answered in the affirmative. The court then conducted an additional inquiry in order to insure that defendant had no questions regarding the consequences of his guilty plea. Moreover, the written waiver which defendant signed at the conclusion of the plea allocution explained the rights that he was waiving and stated that, after consulting with counsel, he elected to waive his right to appeal "willingly, knowingly and intelligently". These circumstances demonstrate that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see, People v Moissett, supra*, at 911).

This finding, however, does not automatically preclude defendant from challenging his sentence as harsh and excessive. To the contrary, the Court of Appeals recently held in *People v Hidalgo* (91 NY2d 733) that a defendant who enters into a plea agreement without a specific sentence commitment waives the right to appeal the severity of the sentence. In that case, however, the trial court had explained to the defendant the range of sentencing options available, including the maximum period of incarceration, at the time of the plea. Here, because defendant was not advised of the maximum sentence that he could face when he waived his right to appeal, we find that such waiver did not encompass the right to challenge his sentence.

Upon reviewing that sentence, however, we discern no extraordinary circumstances warranting its reduction. In view of the fact that defendant took advantage of a position of trust to divert considerable funds from an elderly relative, we find that the sentence imposed was appropriate (*see, People v Moon*, 222 AD2d 747, *lv denied* 88 NY2d 882).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.