■ BEN NEHMADI, Appellant, v NICHOLAS BARBARO et al., Respondents, et al., Defendants. (And a Third-Party Action.) [684 NYS2d 537] —Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered April 9, 1998, which, *inter alia*, directed that defendant and third-party plaintiff Ho-Ho Co. have judgment dismissing the complaint as against it, unanimously affirmed. Order, same court and Justice entered March 4, 1998, which, *inter alia*, denied plaintiff's motion for summary judgment, unanimously modified, on the law, and, upon a search of the record, plaintiff granted summary judgment on his third cause of action for return of the sales contract down payment, with interest from September 1, 1994, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The motion court correctly determined that specific performance of the subject contract for the sale of real property was unavailable to plaintiff, the purchaser under the contract, since plaintiff was not ready, willing and able to perform pursuant to the contract's terms. Since plaintiff was not entitled to specific enforcement, there is no basis to enjoin transfer of the property to defendant and third-party plaintiff Ho-Ho, and summary judgment was thus properly granted dismissing plaintiff's claims for such relief against Ho-Ho.

Although plaintiff did not seek summary judgment upon his third cause of action for return of his down payment, our search of the record pursuant to CPLR 3212 (b) leads to the conclusion that the contract of sale was, under the circumstances at bar, effectively nullified by reason of the seller's misrepresentations, and, accordingly, the down payment should have been returned to plaintiff purchaser, with interest. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT GUZMAN, Also Known as ALBERT ACEVEDO, Appellant. [682 NYS2d 593] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered May 20, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The record establishes that defendant made a valid waiver of his right to appeal (*People v Moissett*, 76 NY2d 909). This waiver forecloses defendant's challenge to his sentence (*see, People v Hidalgo*, 91 NY2d 733). Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.