■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. HOLLAND, JR., Appellant. [706 NYS2d 361] —Graffeo, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 12, 1999, convicting defendant upon his plea of guilty of the crimes of sodomy in the third degree (two counts) and rape in the third degree.

In satisfaction of an eight-count indictment, defendant entered a plea of guilty to rape in the third degree and two counts of sodomy in the third degree. As part of the plea bargain, defendant waived his right to appeal. He was sentenced to consecutive terms in the County Jail with an aggregate of one year and nine months. Subsequent to sentencing, County Court assessed defendant as a level III risk pursuant to the Sex Offender Registration Act (Correction Law art 6-C). Defendant appeals.

In the absence of a motion to vacate the plea or the judgment of conviction, defendant's claim regarding the voluntariness of his waiver of the right to appeal has not been preserved for appellate review (see, People v Rumberger, 262 AD2d 801). In any event, during the plea and the sentencing at which he was represented by counsel, defendant acknowledged his waiver of the right to appeal and, on the date of the plea, he signed a written waiver acknowledging that the waiver was executed knowingly and intentionally after sufficient time to discuss the waiver with counsel. In view of the sufficiency of the allocution, and in the absence of any indication in the record which casts significant doubt on defendant's guilt or the voluntariness of either his plea or waiver of the right to appeal, we reject defendant's claim that County Court was required to ascertain whether defendant was taking any medication at that time (see, People v Millis, 266 AD2d 581, lv denied 94 NY2d 826).

Defendant's waiver of the right to appeal encompasses his claim regarding the severity of the sentence (see, People v Ennis, 254 AD2d 642, lv denied 92 NY2d 1048). We nevertheless note that the sentence is considerably less than the maximum sentence. Defendant's final claim regarding County Court's sex offender risk level assessment is not properly before this Court as part of his direct appeal from the judgment of conviction (see, People v Fitzgerald, 249 AD2d 630).

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.