■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KIRTON, Appellant. [719 NYS2d 604] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Erlbaum, J.), imposed June 16, 1998, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant knowingly, intelligently, and voluntarily waived, without limitation, the right to appeal his conviction and sentence (*see, People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1). Since the defendant was informed of the maximum sentence which would be imposed pursuant to the plea agreement, his general waiver of his right to appeal encompasses his claim that the agreed-upon sentence, which was imposed, was excessive (*see, People v Lococo,* 92 NY2d 825; *People v Brathwaite,* 63 NY2d 839). Bracken, Acting P. J., Altman, McGinity and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LAST, Appellant. [719 NYS2d 599] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered May 1, 1998, convicting him of insurance fraud in the third degree (two counts), conspiracy in the fifth degree, and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Williams,* 84 NY2d 925, 926).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.