■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE RUFFIN, Appellant. [723 NYS2d 712] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 2, 1998, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he committed the crime of murder in the second degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]). Altman, J. P., Florio, Schmidt and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANIE SIMS, Appellant. [723 NYS2d 713] —Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (George, J.), imposed May 13, 1998, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant knowingly, intelligently, and voluntarily waived, without limitation, the right to appeal her conviction and sentence (*see, People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1). Since the defendant was informed of the maximum sentence which would be imposed pursuant to the plea agreement, her general waiver of the right to appeal encompasses her claim that the agreed-upon sentence, which was, in fact, imposed, was excessive (*see, People v v Lococo,* 92 NY2d 825). Bracken, P. J., Altman, McGinity and H. Miller, JJ., concur.