■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON J. DUQUIN, Appellant. (Appeal No. 1.) [726 NYS2d 314] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant knowingly, voluntarily and intelligently

waived the right to appeal (*see, People v Kemp*, 94 NY2d 831, 833; *People v Hidalgo*, 91 NY2d 733, 735; *People v Moissett*, 76 NY2d 909, 910-911; *People v Seaberg*, 74 NY2d 1, 11-12). The unrestricted waiver of the right to appeal encompasses defendant's contention that County Court's inquiry concerning the qualifications of the sign language interpreter was insufficient (*see, People v Harley*, 219 AD2d 850). In any event, the record establishes that the sign language interpreter was identified as a "certified" interpreter, was sworn to act as a sign language interpreter, and served in that capacity without objection (*see, People v Harley, supra*). Thus, on this record, we need not reach the issue whether the court conducted a sufficient inquiry to determine whether the sign language interpreter satisfied the credential requirements of Judiciary Law § 390 (*cf., People v Harley, supra*). Defendant's unrestricted waiver of the right to appeal also encompasses defendant's challenge to the severity of the sentence (*see, People v Hidalgo, supra*, at 734). In any event, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.