■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO E. GONZALEZ, Appellant. [748 NYS2d 881] —Mercure, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 23, 2001, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant was arrested on charges of driving while intoxicated as a class D felony, aggravated unlicenced operation of a motor vehicle in the first degree, resisting arrest, criminal possession of a controlled substance in the seventh degree and loitering in the first degree. Pursuant to a plea bargain, he agreed to plead guilty to the crime of driving while intoxicated

as a class E felony and to participate in certain substance abuse treatment programs in exchange for a sentence of five years' probation, revocation of his license and a $2,210 fine and surcharge. As an additional condition of the plea bargain agreement, defendant executed a waiver of indictment and agreement to prosecution by superior court information and a waiver of his right to appeal.

Defendant contends on this appeal that neither of those waivers is valid due to the failure of County Court to ascertain at the plea allocution whether they were knowing, intelligent and voluntary. He concludes that his conviction therefore must be set aside. We disagree. Notably, defendant never moved either to withdraw his guilty plea or to vacate the judgment of conviction, thereby failing to preserve for our review the issue of whether his waivers were invalid due to an insufficient allocution (*see People v Lopez*, 71 NY2d 662, 665-666; *People v Holland*, 270 AD2d 718, *lv denied* 95 NY2d 798). The issue of the validity of his waiver of indictment is also unpreserved for review as it was forfeited by defendant's guilty plea (*see People v Long*, 273 AD2d 67, *lv denied* 95 NY2d 854).

Were we to review defendant's contentions on their merits, we would find them to be unavailing as the record supports the conclusion that defendant understood and willingly accepted the terms of his waivers (*see People v Moissett*, 76 NY2d 909, 910-911) which were executed by defendant in open court while he was represented by counsel (*see People v Harris*, 242 AD2d 782, *lv denied* 91 NY2d 1008). At that time, County Court engaged in a colloquy with defendant, inquiring as to whether he had signed the waivers voluntarily and had discussed their ramifications with defense counsel. Defendant acknowledged on the record that he had done so and thereafter entered his guilty plea. No specific litany is required prior to the acceptance by County Court of a defendant's waivers (*see People v Vandebogart*, 277 AD2d 712, 714) and, based upon the record before us, it is evident that County Court's allocution was sufficient to establish that defendant's waivers were voluntary, knowing and intelligent. The judgment of conviction is, accordingly, affirmed.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.