■ The People of the State of New York, Respondent, v Robert Ballinger, Appellant. [751 NYS2d 112] —Crew III, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 15, 2001, (1) convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was serving a term of probation following his conviction of the crime of criminal possession of a controlled substance in the fifth degree when he was arrested and charged with three counts of the crime of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, resisting arrest and tampering with physical evidence. His arrest also resulted in the additional charge of violating the terms of his probation. Defendant entered into a plea agreement, pursuant to the terms of which he pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree in

full satisfaction of the multicount indictment in exchange for being sentenced as a second felony offender to a prison term of 4 to 8 years. A concurrent sentence of 2¹/₃ to 7 years also was imposed following his admission to violating the terms of his probation. In conjunction therewith, defendant also executed a written waiver of his right to appeal.

On this appeal, defendant contends that the waiver of his right to appeal does not encompass his right to challenge his sentence inasmuch as he was not advised, at the plea allocution, of the maximum that he could receive. We agree (*see People v Shea*, 254 AD2d 512, 513), but nevertheless affirm. Our review of the record convinces us that the sentences imposed were not harsh or excessive given defendant's prior criminal record, the fact that he was serving a sentence of probation when he committed additional drug-related crimes and that he received the sentences under review as part of a favorable plea bargain pursuant to which several other charges against him were dismissed. As we find no extraordinary circumstances warranting a reduction of the sentences in the interest of justice, they will not be disturbed (*see People v Teague*, 295 AD2d 813, 815; *People v Mickens*, 275 AD2d 818, 819). Defendant's remaining contentions have been reviewed and found to be without merit.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.