■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. POWERS, Appellant. [756 NYS2d 296] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 23, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant signed a waiver of indictment and agreed to be prosecuted by superior court information charging him with criminal possession of a controlled substance in the third degree. He pleaded guilty to that charge and executed a written waiver of his right to appeal. As part of the plea agreement, defendant was to receive a sentence of 2 to 6 years in prison with shock program eligibility. County Court informed defendant that it would not be bound by the agreed-upon sentence if any additional crimes were committed prior to sentencing. At the time of sentencing, it was discovered that defendant had pleaded guilty to criminal possession of a controlled substance in the fifth degree in Nassau County. As a result, County Court sentenced defendant to 4 to 12 years in prison. Defendant appeals.

Defendant contends, inter alia, that his waivers of indictment and the right to appeal must be invalidated because they were not knowingly, voluntarily and intelligently made. Initially, we note that by failing to make a motion to withdraw his guilty plea or vacate the judgment of conviction, defendant has not preserved his challenge to his waiver of the right to appeal (see People v Gonzalez, 299 AD2d 581, 582; People v Holland, 270 AD2d 718, lv denied 95 NY2d 798). Likewise, "[t]he issue of the validity of his waiver of indictment is also unpreserved for review as it was forfeited by defendant's guilty plea" (People v Gonzalez, supra at 582).

Nevertheless, were we to consider the merits of defendant's claims, we would find them unpersuasive. During the course of the plea proceedings, County Court inquired as to whether defendant voluntarily executed the waivers, had an opportunity

to discuss them with his attorney and understood the rights he was relinquishing by signing them. Defendant answered these questions in the affirmative. Moreover, the terms of the waivers, which were executed in open court, clearly set forth their ramifications and were signed by both defendant and his attorney. Under these circumstances, we find that the waivers were knowingly, voluntarily and intelligently made (*see id.*; *People v Catalfamo*, 228 AD2d 786, 787).

Defendant further asserts that his waiver of the right to appeal should be annulled and the plea agreement set aside because he was not informed of the maximum sentence that could be imposed in the event he violated the terms of the plea agreement. He seeks to have the enhanced sentence invalidated as harsh and excessive. "[W]e have held that where a defendant who concomitantly validly pleaded guilty and waived all appeal rights receives an enhanced sentence based upon a violation of the terms of the plea agreement, any claim addressed to the harshness or excessiveness of the enhanced sentence falls within the scope of the waiver of the right to appeal, provided the defendant is informed of the maximum potential sentence for noncompliance with the plea agreement" (*People v Espino*, 279 AD2d 798, 800; *see People v Lococo*, 92 NY2d 825, 827; *People v Shea*, 254 AD2d 512, 513). Although County Court advised defendant during the plea proceedings that it would not be bound by the agreed-upon sentence if defendant violated the terms of the plea agreement, it did not inform him of the maximum sentence that could be imposed. Consequently, defendant is not precluded from challenging the severity of his sentence. Nevertheless, we do not find any extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice (*see People v Shea, supra* at 513). We have considered defendant's remaining claims and find them to be unavailing.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.