■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY D. KIRKLAND, Appellant. [768 NYS2d 673]—

Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered October 11, 2002, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. As part of the plea agreement, defendant executed a written waiver of his right to appeal. At sentencing, he was sentenced as a second felony offender to concurrent prison terms of 2 to 6 years for driving while intoxicated and 1 to 3 years for aggravated unlicensed operation of a motor vehicle.

Initially, defendant argues that his waiver of the right to appeal must be invalidated because it was not knowingly, voluntarily and intelligently made. The failure, however, to move to withdraw his guilty plea or vacate the judgment of conviction renders the challenge unpreserved (*see People v Powers*, 302 AD2d 685, 685 [2003]). Even if we were to consider the merits of this argument, we would find them unpersuasive. County Court fully inquired as to whether defendant voluntarily executed the waiver and understood the rights that he would be surrendering and, thus, defendant's waiver of appeal was knowingly, voluntarily and intelligently made (*see People v Ubrich*, 245 AD2d 886, 887 [1997], *lv denied* 91 NY2d 945 [1998]). In addition, defendant argues that his waiver of appeal should be annulled because he was not properly informed of the maximum potential sentences that could have been imposed. As defendant was aware of the specific sentence to be imposed at sentencing, this argument is also without merit (*see People v Grant*, 294 AD2d 671, 672-673 [2002], *lv denied* 98 NY2d 730 [2002]).

Finally, having found that defendant entered a knowing, voluntary and intelligent waiver of his right to appeal, defendant's challenges to the effectiveness of counsel, which do not implicate the voluntariness of his plea, and the harshness of his sentence have not been preserved for our review (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Newell*, 271 AD2d 873, 874 [2000],

*lv denied* 95 NY2d 837 [2000]). We are compelled to note that, in any event, in light of defendant's extensive criminal history, including five prior drinking and driving offenses, we would not find the sentence imposed to be harsh or excessive (*see People v Creighton*, 298 AD2d 774 [2002]; *People v Harrison*, 227 AD2d 722 [1996]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.