■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILLIS, JR., Appellant. (Appeal No. 1.) [768 NYS2d 898]—

Appeal from a judgment of Ontario County Court (Doran, J.), entered July 9, 2002, convicting defendant upon his plea of guilty of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [4]), aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]), driving while intoxicated (§ 1192 [3]) and criminal mischief in the fourth degree (Penal Law § 145.00 [3]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of offering a false instrument for filing in the first degree (§ 175.35) and attempted welfare fraud in the fifth degree (§§ 110.00, 158.05). We reject the contention of defendant, common to both appeals, that his waivers of the right to appeal are ineffective because they were not in writing. Whether the waivers of appeal were reduced to writing is only one factor to be considered in determining whether they were knowing, intelligent, and voluntary (*see People v Robinson*, 188 AD2d 622, 623 [1992]). In this case, defendant acknowledged that he was waiving his right to appeal on three separate occasions during the joint plea colloquy. On one of those occasions, County Court specifically advised defen-

dant that he had the right to appeal both judgments of conviction to a higher court, and further advised defendant that his waivers of the right to appeal would prohibit him from doing so. Defendant acknowledged the court's advisements, and proceeded to waive his right to appeal. Under the circumstances, we conclude that defendant's waivers were knowing, intelligent and voluntary. None of the remaining contentions of defendant survives his waivers of the right to appeal (*see People v Meeks*, 270 AD2d 859 [2000], *lv denied* 95 NY2d 837 [2000]; *People v Simms*, 269 AD2d 788 [2000], *lv denied* 94 NY2d 952 [2000]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.