■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO COSTA, Also Known as FERNANDO DACOSTA, Appellant. [771 NYS2d 924]—Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 4, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.

Defendant contends that the observations of a police detective made of a field from a helicopter failed to provide probable cause to support an ensuing search warrant. Pursuant to the warrant, a large number of cultivated marihuana plants were seized from the field, which was on property controlled by defendant. He was charged in a multicount indictment and, although he made

a suppression motion, defendant accepted, prior to the scheduled suppression hearing, an advantageous plea that included a waiver of his right to appeal. He was sentenced consistent with the plea agreement and now appeals.

Defendant's contention that his waiver of the right to appeal was invalid was not properly preserved for review by a motion to withdraw his guilty plea or vacate the judgment of conviction (*see People v Kirkland*, 2 AD3d 1063, 1063 [2003]; *People v Gonzalez*, 299 AD2d 581, 582 [2002]). In any event, review of the record reveals that he knowingly, voluntarily and intelligently waived the right to appeal and this waiver encompassed the right to assert a search and seizure issue (*see People v Kemp*, 94 NY2d 831, 833 [1999]). Moreover, "by pleading guilty before a suppression hearing was held, defendant forfeited his right to appellate review of this issue, having 'precluded the making of a record' regarding the admissibility of the People's evidence for this Court to review" (*People v Huff*, 257 AD2d 678, 679 [1999], *lv denied* 93 NY2d 854 [1999], quoting *People v Fernandez*, 67 NY2d 686, 688 [1986]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.