■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GREENE, Appellant. [776 NYS2d 527]—Rose, J. Appeal from a judgment of the County Court of Cortland County (Smith, J.), rendered January 24, 2003, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree and attempted robbery in the second degree.

After a jury trial, defendant was convicted of attempted robbery in the first degree and attempted robbery in the second degree. Through counsel, he then negotiated an agreement two months prior to sentencing whereby he waived his right to appeal in exchange for being sentenced as a predicate felon (see Penal Law § 70.06) rather than as a persistent felon (see Penal Law § 70.10). In accordance with the agreement, defendant was sentenced to concurrent prison terms of 10 years and seven years, respectively, followed by a five-year period of postrelease supervision.

Defendant now appeals, arguing that his waiver of the right to appeal is invalid and should not be enforced. His challenge is unpreserved, however, as he did not move to vacate the judgment of conviction (see People v Kirkland, 2 AD3d 1063, 1063 [2003]; People v Gonzalez, 299 AD2d 581, 582 [2002]). In any event, had he done so, the record sufficiently confirms that he knowingly, voluntarily and intelligently waived the right to appeal. The written waiver contained in the record was executed by defendant in the presence of his counsel and he acknowledged in writing that he had been advised of his rights regarding an appeal. Defendant received the bargained-for benefit, and he does not claim that he was coerced or his counsel failed to properly advise him. Thus, we find the waiver to be valid and enforceable effectively foreclosing appellate review of each of the issues defendant has raised here (see People v Hidalgo, 91 NY2d 733, 737 [1998]; People v Seaberg, 74 NY2d 1, 10-11 [1989]; People v De Berardinis, 304 AD2d 914, 916 [2003], lv denied 100 NY2d 580 [2003]), even though County Court did

not inquire on the record as to its voluntariness (*see People v Shea*, 254 AD2d 512, 513 [1998]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.