■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMI ELDRIDGE, Appellant. [777 NYS2d 668]—Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Hanophy J.), rendered April 30, 2003, convicting her of murder in the second degree (three counts), robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), tampering with physical evidence, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, and unauthorized use of a vehicle in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

When she waived her right to appeal, the defendant was not informed of the maximum sentence she faced in the event she failed to fulfill the conditions of her plea of guilty. Consequently, her waiver did not encompass the right to challenge the sentence ultimately imposed (*see People v Shea,* 254 AD2d 512 [1998]; *cf. People v Lococo,* 92 NY2d 825 [1998]). Nevertheless, the sentence imposed was not excessive (*see People v Balacky,* 203 AD2d 471 [1994]).

Although the defendant correctly contends that the Supreme Court could not summarily hold her in contempt under the Judiciary Law without first affording her "a reasonable opportunity to make a statement in [her] defense or in extenuation of [her] conduct" (22 NYCRR 701.2 [c]), the issue is academic since no entry of the contempt adjudication or the sentence imposed thereon was made on the defendant's order of commitment. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.