■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON DEERE, Appellant. [777 NYS2d 827]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 19, 2001, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant entered a plea of guilty to one count of attempted criminal sale of a controlled substance in the third degree as charged in a superior court information and waived his right to appeal. County Court informed defendant that he would be sentenced to 2 to 6 years in prison and released defendant on his own recognizance, indicating that defendant's failure to appear for sentencing would constitute a violation of the plea agreement and authorize the court to impose a harsher prison sentence of up to 15 years. Defendant did not appear for sentencing on the appointed date and County Court ultimately sentenced him in absentia to a prison term of 4 to 12 years. Defendant appeals.

Initially, we note that defendant has failed to preserve by appropriate motion his contention that the waiver of his right to appeal was not knowing and voluntary (*see People v Kirkland,* 2 AD3d 1063, 1063 [2003]; *People v Powers,* 302 AD2d 685, 685 [2003]). In any event, were we to consider defendant's claims, we would conclude that the waiver was entirely proper. County Court extensively questioned defendant regarding his willingness to enter into the plea agreement and understanding of the consequences, including the relinquishment of his right to pursue an appeal. Defendant's answers to every question posed by the court were unequivocal, giving no indication that he did not comprehend the terms of the waiver or any other aspect of

the plea agreement. Under these circumstances, we are satisfied that the plea and waiver were knowing, voluntary and intelligent (*see People v Barrett*, 301 AD2d 790, 790-791 [2003]; *People v Shea*, 254 AD2d 512, 513 [1998]). Contrary to defendant's assertions, the court was not required to engage in any specific litany during the allocution (*see People v Moissett*, 76 NY2d 909, 910-911 [1990]); nor did the fact that the waiver was unwritten render the plea deficient (*see People v Willis*, 2 AD3d 1322, 1322 [2003]).

We further reject defendant's contention that County Court impermissibly enhanced his sentence after he failed to appear for sentencing. Following its acceptance of defendant's plea, County Court issued a *Parker* admonishment expressly informing defendant that his failure to appear for sentencing would amount to a breach of the plea agreement, releasing the court from its promise of a lighter sentence (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Parker*, 57 NY2d 136, 141-142 [1982]; *People v Waldron*, 257 AD2d 771 [1999]). Further, County Court adjourned the proceedings twice in an effort to locate defendant and ascertain the reason for his absence. In our view, County Court did not err in imposing the enhanced sentence in defendant's absence (*see People v Coleman*, 270 AD2d 713, 714 [2000]; *People v Sumner*, 254 AD2d 537, 537-538 [1998]).

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.