■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. SANTALUCIA, Appellant. [779 NYS2d 793]—Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 24, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant pleaded guilty to the crime of criminal possession of a controlled substance in the fourth degree and he may have waived his right to appeal, in part or in whole. He was sentenced as a second felony offender in accordance with the plea agreement to a prison term of 4½ to 9 years. Defense counsel now seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. The People submitted a letter agreeing with defense counsel's position. Defendant submitted a pro se letter to this Court raising numerous issues and requesting that new appellate counsel be assigned.

Upon our review of the record, we find at least one arguable appellate issue regarding whether defendant's appeal waiver was valid, i.e., knowing, voluntary and intelligent, and, if so, the scope of defendant's appeal waiver (*see People v Ubrich,* 245 AD2d 886, 887 [1997], *lv denied* 91 NY2d 945 [1998]; *see also People v Hidalgo,* 91 NY2d 733, 735 [1998]; *People v Allen,* 82 NY2d 761, 763 [1993]; *People v Callahan,* 80 NY2d 273, 280, 283 [1992]; *People v Moissett,* 76 NY2d 909 [1990]; *People v Seaberg,* 74 NY2d 1, 11-12 [1989]). No signed, written waiver of appeal appears in the record before us and a determination of the validity and scope of the oral appeal waiver may affect the reviewability of, inter alia, issues raised in defendant's pro se letter. Although defense counsel apparently did not preserve this issue for appeal by moving to withdraw the plea or to vacate the judgment of conviction, the issue is reviewable in the inter-

est of justice (*see People v Deere*, 8 AD3d 763 [2004]; *People v Greene*, 7 AD3d 923 [2004]; *People v Williams*, 6 AD3d 746 [2004]; *People v Costa*, 4 AD3d 675 [2004], *lv denied* 2 NY3d 797 [2004]; *People v Kirkland*, 2 AD3d 1063, 1063 [2003]; *People v Powers*, 302 AD2d 685, 685-686 [2003]; *see also* CPL 470.15). Thus, we cannot conclude that an appeal raising this issue would be "wholly frivolous," although it may ultimately be found to be meritless (*People v Stokes*, 95 NY2d 633, 636 [2001]; *see People v Kirkland, supra* at 1063; *People v Powers, supra* at 685-686; *People v Espino*, 279 AD2d 798, 800-801 [2001]). Accordingly, the application of defendant's current counsel to be relieved of his assignment is granted and defendant is entitled to the assignment of new counsel (*see People v Cruwys*, 113 AD3d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.