■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD WALKER, Appellant. [847 NYS2d 535]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Renee A. White, J., at plea and sentence), rendered May 16, 2006, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of 2½ years, to be followed by 1½ years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the term of postrelease supervision to one year, and otherwise affirmed.

Defendant made a valid waiver of his right to appeal (*see*

*People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Moissett,* 76 NY2d 909 [1990]), which forecloses review of his suppression claim. The court made it clear to defendant that, as part of his plea bargain, he was giving up the right to appeal, which was separate from the rights automatically forfeited by a guilty plea. Were we to find the waiver to be unenforceable, we would reject the suppression claim on the merits.

The People concede that the sentence should be modified to the extent indicated in order to effectuate the intent of the plea agreement, which provided that defendant would receive the minimum period of postrelease supervision permitted by law, which, in defendant's situation, was one year. Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.