■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THACKER, Appellant. [848 NYS2d 655]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered January 4, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate term of 12 years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal from his conviction after trial. Defendant clearly indicated his understanding that he was waiving that right in exchange for a favorable sentence, along with the People's waiver of their right to commence persistent felony offender proceedings. On appeal, defendant asserts that the waiver was the product of ineffective assistance of counsel. He suggests that his attorney failed to advise him of allegedly meritorious appellate issues concerning the sufficiency and weight of the evidence supporting the sale conviction. While an ineffectiveness of counsel claim that goes

to the voluntariness of a waiver of the right to appeal may survive such a waiver (*see People v Parilla*, 8 NY3d 654, 660 [2007]), here defendant's claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We have considered and rejected defendant's remaining arguments concerning the validity of the waiver. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.