THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ROULETTE, Appellant. [866 NYS2d 38]—

Judgment, Supreme Court, New York County, (Renee A.

White, J.), rendered December 21, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 11 months, unanimously affirmed.

Defendant has failed to preserve his claim that his plea was involuntary because the court did not advise him that the plea would preclude him from obtaining appellate review of the issues raised in his pending suppression motion (*see People v Lopez*, 71 NY2d 662 [1988]), and we decline to review it in the interest of justice. As an alternative holding, we reject this claim on the merits. The colloquy in which the court accepted defendant's guilty plea satisfied all constitutional requirements, and the plea was knowingly, intelligently and voluntarily made (*see Boykin v Alabama*, 395 US 238 [1969]; *People v Harris*, 61 NY2d 9, 16 [1983]). "[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights" (*People v Moissett*, 76 NY2d 909, 910-911 [1990]). A guilty plea will effect a forfeiture of the right to appellate review of a wide variety of possible issues (*People v Hansen*, 95 NY2d 227, 230 [2000]). A plea court is not required to list all those issues, or to anticipate that a defendant might be harboring a mistaken subjective belief as to what issues he could still raise on appeal. Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ.