■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY J. FORKEY, Appellant. [898 NYS2d 712]—

Peters, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 9, 2008, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree and burglary in the third degree (three counts).

In May 2007, defendant was charged with criminal possession of a forged instrument in the second degree and criminal possession of a controlled substance in the seventh degree based on his conduct in submitting a forged prescription for Xanax tablets. A few months later, he was charged with three counts of burglary in the second degree stemming from allegations that he entered the homes of three neighbors with the intent to steal prescription medications. After waiving indictment and consenting to be prosecuted by superior court information, defendant pleaded guilty to criminal possession of a forged instrument in the second degree and three counts of burglary in the third degree and waived his right to appeal in exchange for a recommended sentence of six months in jail to be followed by five years of probation. The terms of the plea included defendant's acceptance into the Clinton County Drug Court. County Court advised defendant that, in the event that he was not accepted into the drug court program, he could be sentenced "to any sentence set forth under the law."

Thereafter, defendant entered an inpatient treatment center but was discharged due to noncompliance. As a result, his application for admission into the drug court program was rejected. After finding that defendant violated the terms of the plea agreement, County Court sentenced him to concurrent terms of six months in jail for the criminal possession of a forged instrument conviction and 2 to 6 years each in prison on two of the burglary convictions, to run consecutively to a prison term of 2 to 6 years on the third burglary conviction. Defendant now appeals.

Defendant's assertion that he was denied his right to due process when County Court failed to hold a hearing to determine whether he had violated the conditions of his plea agreement is unpreserved, since he neither requested a hearing nor moved to withdraw his plea on this ground (*see People v Delayo*, 52 AD3d 1114, 1115 [2008], *lv denied* 11 NY3d 787 [2008]; *People v*

*Kitchens*, 46 AD3d 577, 578 [2007], *lv denied* 10 NY3d 767 [2008]). In any event, defendant was provided an opportunity to be heard and admitted to a number of the circumstances surrounding the rejection of his drug court application, including his consumption of alcohol at a bar while on a community walk and his failure to meet certain expectations of the program. Under these circumstances, County Court's inquiry was sufficient to determine that defendant violated the plea agreement and no formal hearing was required (*see People v Saucier*, 69 AD3d 1125, 1126 [2010]; *People v Kitchens*, 46 AD3d at 578).

Defendant also claims that his sentence is harsh and excessive. As the People concede, defendant's appeal waiver does not encompass his challenge to the severity of the sentence because, at the time of the plea and execution of the waiver, County Court failed to inform him of the range of sentencing options available in the event that he violated the terms of the plea agreement, including the maximum sentence he could receive and the possibility of consecutive sentences (*see People v Tesar*, 65 AD3d 716, 717 [2009]; *People v Shea*, 254 AD2d 512, 513 [1998]).

Upon our review of defendant's sentence, we agree that it is unduly harsh. While defendant's admitted prescription medication dependency does not lessen the seriousness of the crimes that he committed, certain factors militate in favor of a more lenient sentence, including the fact that he has no prior criminal record, expressed full responsibility and remorse for his actions, and had paid restitution to one of the victims by the time of sentencing. Furthermore, impact statements from the victims of the burglaries uniformly recommended substantial drug counseling and rehabilitation. Considering these factors, the rehabilitative objective of a penal sanction, and the failure to inform defendant of all the pertinent sentencing considerations at the time of the plea, we are persuaded to exercise our interest of justice jurisdiction and modify the sentence by directing that the sentences for each crime run concurrently (*see* CPL 470.15 [6] [b]; *People v Tesar*, 65 AD3d at 717-718).

Malone Jr., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the sentences imposed upon defendant run concurrently with one another, and, as so modified, affirmed.