■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS MILLS, Appellant. [925 NYS2d 904]—

Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered November 20, 2009, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child (two counts).

In satisfaction of a 28-count indictment charging him with numerous sexually-related crimes, defendant pleaded guilty to

two counts of possessing a sexual performance by a child and waived his right to appeal. He was thereafter sentenced, in accordance with the plea agreement, to two consecutive terms of 1 to 3 years in prison. Defendant appeals.

Defendant's contention that his sentence is harsh and excessive is precluded by his valid waiver of the right to appeal (*see People v Stokes*, 75 AD3d 662, 663 [2010]). To the extent that he argues that such waiver does not encompass his challenge to the severity of the sentence because he was not advised that he could receive consecutive sentences, we disagree. Defense counsel stated on the record that the plea deal encompassed "a sentence of one to three on each plea, each of those to be consecutive, for a total of two to six." The People reiterated the agreement indicating, among other things, that it was to be "two pleas for a total of two to six years of incarceration." The court also asked defendant if he understood that "the agreement calls for a sentence of two to six." "As defendant 'knew the maximum exposure [he] could face upon pleading guilty,' his valid appeal waiver precludes his present challenge to his [ ]sentence as harsh and excessive" (*People v Sofia*, 62 AD3d 1159, 1160 [2009], quoting *People v Lococo*, 92 NY2d 825, 827 [1998]).

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.