# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**842**

**KA 11-00415**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

RAYNA A. KELLY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 2, 2010. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and criminal possession of stolen property in the fourth degree (§ 165.45 [1]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily, and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because Supreme Court failed to advise defendant of the potential periods of incarceration or the potential maximum term of incarceration (*see People v Newman*, 21 AD3d 1343; *People v McLean*, 302 AD2d 934; *cf. People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737), and there was no specific sentence promise at the time of the waiver (*cf. People v Semple*, 23 AD3d 1058, 1059, *lv denied* 6 NY3d 852). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered: June 29, 2012                          Frances E. Cafarell
                                                Clerk of the Court