█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC L. EDIE, Appellant. [954 NYS2d 683]—

Egan Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 13, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant waived indictment and, in satisfaction of numerous outstanding felony charges, pleaded guilty to a superior court information charging him with a single count of burglary in the second degree and waived his right to appeal. Although County Court made no promises as to sentencing, the plea agreement called for defendant to be sentenced to no more than 10 years in prison followed by three years of postrelease supervision. County Court thereafter sentenced defendant to nine years in prison and three years of postrelease supervision. Defendant now appeals—primarily contending that the sentence imposed was harsh and excessive.

We affirm. Contrary to defendant's assertion, the record establishes that County Court separately and fully explained the rights encompassed by the appeal waiver and, further, that defendant understood and freely agreed to waive such rights (*see People v Santana*, 95 AD3d 1503, 1503 [2012]; *People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]). However, because County Court made no commitment as to sentencing and defendant was not advised of the maximum term of imprisonment that could be imposed if he failed to comply with the terms of the plea agreement, his otherwise valid waiver of the right to appeal does not encompass his present challenge to the severity of his sentence (*see People v Kelly*, 96 AD3d 1700, 1700 [2012]; *People v Forkey*, 72 AD3d 1209, 1211 [2010]; *People v Powers*, 302 AD2d 685, 686 [2003]; *People v Ballinger*, 299 AD2d 738, 739 [2002]; *compare People v Mills*, 85 AD3d 1448, 1449 [2011]; *People v Bove*, 64 AD3d 812, 813 [2009], *lv denied* 13 NY3d 858 [2009]). That said, we nonetheless find no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Kelly*, 96 AD3d at 1700; *People v Powers*, 302 AD2d at 686; *People v Ballinger*, 299 AD2d at 739; *People v Shea*, 254 AD2d 512, 513 [1998]).

Peters, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.