# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

446

KA 12-02202

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JACOB E. WARE, III, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered July 12, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [1]). In a separate indictment, defendant was charged with burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the fourth degree (§ 155.30) in connection with an unrelated incident. Prior to sentencing on the robbery conviction, defendant pleaded guilty to burglary in the second degree in satisfaction of the separate indictment on the "very specific condition" that he waive his right to appeal that conviction and, further, that he waive his right to appeal his robbery conviction. In exchange, the People agreed not to seek a persistent felony offender adjudication in either case, and County Court promised to sentence defendant to concurrent terms of incarceration.

Contrary to the contention of defendant, we conclude that the record establishes that he knowingly, intelligently and voluntarily waived his right to appeal the robbery conviction (*see People v Colucci*, 94 AD3d 1418, 1419, *lv denied* 19 NY3d 959; *see generally People v Lopez*, 6 NY3d 248, 256). Defendant's contention that his waiver of the right to appeal was coerced is belied by the record (*see People v Hayes*, 71 AD3d 1187, 1188, *lv denied* 15 NY3d 852, *reconsideration denied* 15 NY3d 921). Further, the fact that defendant waived his right to appeal in exchange for favorable sentencing terms and the People's withdrawal of their persistent felony offender application does not render the waiver invalid (*see People v Thacker*,

47 AD3d 423, 423, *lv denied* 10 NY3d 817; *People v Greene*, 7 AD3d 923, 923, *lv denied* 3 NY3d 659; *see generally People v Gast*, 114 AD3d 1270, 1270-1271).

Defendant's contentions that, during the robbery trial, the court erred in refusing to admit his codefendant's out-of-court statement as a declaration against penal interest, and that the court should have provided a missing witness charge, are encompassed by his valid waiver of the right to appeal (*see generally Lopez*, 6 NY3d at 255; *People v Muniz*, 91 NY2d 570, 574; *People v Mercer*, 81 AD3d 1159, 1160, *lv denied* 19 NY3d 999).

Finally, although defendant's waiver of the right to appeal does not encompass his challenge to the severity of the sentence (*see People v Maracle*, 19 NY3d 925, 927; *People v Milon*, 114 AD3d 1130, 1131; *People v Peterson*, 111 AD3d 1412, 1412), we nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court