People v Babagana (2019 NY Slip Op 07193)





People v Babagana


2019 NY Slip Op 07193


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


931 KA 17-00439

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MOUSSA BABAGANA, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered March 31, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to his contention, the record establishes that he knowingly, intelligently and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Supreme Court was " not required to engage in any particular litany' in order to obtain a valid waiver of the right to appeal" (People v Tantao, 41 AD3d 1274, 1275 [4th Dept 2007], quoting People v Moissett, 76 NY2d 909, 910 [1990]), and the waiver "is not invalid on the ground that the court did not specifically inform defendant that his general waiver of the right to appeal encompassed the court's suppression ruling[]" (id., citing People v Kemp, 94 NY2d 831, 833 [1999]). Defendant's contention that he was denied effective assistance of counsel does not survive his plea or the valid waiver of the right to appeal " inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see People v Rausch, 126 AD3d 1535,
1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court