(May 11, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS LEWIS, Appellant. [813 NYS2d 686]—Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 4, 2002, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to the reduced charge of criminal possession of a controlled substance in the second degree. She may have waived her right to appeal although no written waiver is contained in the record on appeal. She was sentenced in accordance with the plea agreement to a prison term of $6^{1}/_{2}$ years to life. On appeal, defense counsel seeks to be relieved of his assignment as counsel on the ground that there are no nonfrivolous issues that can be raised on appeal.

Upon our review of the record, we discern at least one appellate issue of arguable merit concerning the validity and scope of defendant's appeal waiver (*see People v Billingslea*, 6 NY3d 248, 256-257 [2006]; *People v Callahan*, 80 NY2d 273, 280, 283 [1992]; *People v Santalucia*, 9 AD3d 740 [2004]). If the appeal

waiver is determined to be unenforceable (or to not encompass the sentence), defendant would retain the right to challenge, among other things, the agreed-upon, negotiated sentence as harsh and excessive (*see People v Billingslea, supra* at 253-254, 257; *People v Thompson*, 60 NY2d 513, 520 [1983]). Thus, we cannot conclude that an appeal raising this issue would be "wholly frivolous," although we make no finding as to its ultimate merits (*see People v Stokes*, 95 NY2d 633, 636 [2001]). Accordingly, the application of defendant's current counsel—to be relieved of this assignment—is granted and new counsel will be assigned to address any issues which the record may disclose (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.