(January 29, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ZAKRZEWSKI, Appellant. [872 NYS2d 234]—Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 26, 2007, convicting defendant upon his plea of guilty of the crimes of grand larceny in the third degree and identity theft in the first degree.

In satisfaction of an eight-count indictment, defendant pleaded guilty to grand larceny in the third degree and identity theft in the first degree. He orally waived his right to appeal, at least with respect to the sentence, but did not execute a written waiver. In accordance with the plea agreement, defendant was sentenced as a second felony offender to concurrent prison terms of $3^{1}/_{2}$ to 7 years. He now appeals.

Defense counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon reviewing

counsel's brief and the record, we discern at least one issue of arguable merit concerning the validity and scope of defendant's waiver of his right to appeal (*see People v Lewis*, 29 AD3d 1076, 1076 [2006]; *People v Santalucia*, 9 AD3d 740, 740 [2004]) that may affect review of other potential issues disclosed by the record. Accordingly, defense counsel's application to be relieved of his assignment is granted and defendant is entitled to have new counsel assigned to address any issues that the record may disclose (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Peters, J.P., Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.