THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. ROCHE, Appellant. [918 NYS2d 390]—

In satisfaction of a six-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal.* Under the terms of the plea agreement, he was to be sentenced to two years in prison, to be followed by a period of postrelease supervision of between $1^{1}/_{2}$ and 3 years. He was thereafter sentenced to two years in prison and two years of postrelease supervision. Defendant now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon reviewing the record, counsel's brief and defendant's pro se submission, we

---

.* Notably, although the transcript of the plea proceeding contains a reference to a written appeal waiver, such document has not been provided to this Court.

disagree. We discern at least one issue of arguable merit pertaining to the validity and scope of defendant's appeal waiver that may affect other potential issues that may be raised (*see People v Zakrzewski*, 58 AD3d 1067, 1068 [2009]; *People v McKenzie*, 56 AD3d 897 [2008]). Therefore, counsel's application to be relieved of assignment is granted and new counsel will be assigned to address this issue and any other issues that the record may disclose (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.