People v Moody (2023 NY Slip Op 04798)

People v Moody

2023 NY Slip Op 04798

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

111511 CR-23-0335
[*1]The People of the State of New York, Respondent,
v
Denzel Moody, Appellant.

Calendar Date:September 1, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Powers, JJ.

Alexander W. Bloomstein, Hillsdale, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Columbia County (Jonathan D. Nichols, J.), rendered March 7, 2019, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, and (2) from a judgment of said court, rendered November 21, 2022, which resentenced defendant.
Defendant pleaded guilty to criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. County Court sentenced defendant, as a second felony offender, to two concurrent 10-year terms of imprisonment, to be followed by five years of postrelease supervision on the criminal possession of a controlled substance in the second degree conviction and a lesser term of postrelease supervision on the criminal possession of a controlled substance in the third degree conviction. Subsequently, defendant was advised that the conviction upon which his status as a second felony offender was based had been vacated. Defendant then moved to vacate his current sentence on the ground that he was not a second felony offender and requested to be resentenced as a first-time felony offender. Following a hearing, County Court vacated defendant's sentence and resentenced him, as a first-time felony offender, to 7½ years in prison, to be followed by five years of postrelease supervision, on the criminal possession of a controlled substance in the second degree conviction, and to 5½ years in prison, to be followed by two years of postrelease supervision, on the criminal possession of a controlled substance in the third degree conviction, with the sentences to run concurrently. Defendant appeals from the original judgment of conviction, as well as the judgment resentencing him.
Defendant's sole contention on appeal is that the resentence is harsh and excessive. The record reflects that, although defendant's plea agreement included a waiver of the right to appeal, it was agreed that the waiver did not encompass the right to challenge the severity of his sentence and, at resentencing, County Court informed defendant that he retained the right to appeal the resentence. As such, defendant's contention is not foreclosed (see People v Lewis, 29 AD3d 1076, 1076-1077 [3d Dept 2006]). That said, upon our review of the record and considering all of the relevant circumstances, we do not find the sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]) and we decline defendant's invitation to reduce it in the interest of justice.
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgments are affirmed.