■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN WYNN, Appellant. [661 NYS2d 819] —Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that defendant's guilty plea was knowingly, voluntarily and intelligently entered into and thus should be upheld (*see, People v Fiumefreddo,* 82 NY2d 536, 543). County Court properly exercised its discretion in denying the motion of defendant to withdraw his guilty plea (*see,* CPL 220.60 [3]; *People v Selikoff,* 35 NY2d 227, 235, *cert denied* 419 US 1122). As part of the plea bargain, defendant agreed that, if he did not appear on the date scheduled for sentencing, the court would not be bound by its sentence commitment. Defendant failed to appear and was subsequently sentenced to a term of

imprisonment greater than that originally promised. "[B]ecause defendant was sentenced in accordance with the plea agreement, he waived his right to appeal from the sentence" (*People v Van Buren*, 203 AD2d 961). We reject defendant's contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.