Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered September 29, 2000, convicting defendant upon his plea of guilty of sexual abuse in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [1]) and sentencing him to a determinate term of imprisonment of three years. We reject the contentions of defendant that County Court erred in failing to provide him an opportunity to withdraw his plea and in imposing an enhanced sentence upon its determination that defendant violated a condition of his postplea release when he was arrested prior to sentencing. Here, “defendant’s agreement to the no-arrest term as a condition of the plea bargain and the postplea release from custody was unequivocal and the sentencing court did not abuse its discretion in imposing the enhanced sentence” (People v Outley, 80 NY2d 702, 714 [1993]). The court conducted a sufficient inquiry to establish that there was a legitimate basis for the arrest and “afforded defendant an adequate opportunity to explain the circumstances of the arrest” (id.). The sentence is neither unduly harsh nor severe.
Defendant further contends that he was denied effective as *1017 sistance of counsel. To the extent that his contention survives his guilty plea (see People v Sheppard, 306 AD2d 841 [2003]; People v Burke, 256 AD2d 1244 [1998], lv denied 93 NY2d 851 [1999]), we conclude that it is lacking in merit. “In the context of a guilty plea, a defendant has been afforded meaningful representation when he . . . receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995]; see People v Davis, 302 AD2d 973, 974 [2003], lv denied 100 NY2d 537 [2003]). Here, defendant pleaded guilty to one count of sexual abuse in the first degree in satisfaction of a 15-count indictment that charged him with various offenses, including two counts of rape in the first degree (Penal Law § 130.35 [1]), in connection with five victims. As part of the favorable plea agreement, defense counsel negotiated a sentence that included youthful offender treatment and probation supervision. Contrary to defendant’s contention, “nothing in the record casts doubt on the apparent effectiveness of counsel” (Ford, 86 NY2d at 404). Present—Pigott, Jr., RJ., Green, Scudder, Kehoe and Hayes, JJ.