■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SEMPLE, Appellant. [804 NYS2d 192]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), rendered on July 2, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), defendant contends that his waiver of the right to appeal is null and void or, alternatively, does not preclude his challenge to the imposition of an enhanced sentence. Contrary to defendant's first contention, "the requirement that a defendant be apprised of [the] maximum sentence in order for a waiver to be valid does not apply in a situation such as this where there is a specific sentence promise at the time of the waiver" (*People v Grant*, 294 AD2d 671, 672 [2002], *lv denied* 98 NY2d 730 [2002]; *cf. People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Shea*, 254 AD2d 512, 513 [1998]).

We agree with the alternative contention of defendant, however, and conclude that the waiver of the right to appeal does not encompass defendant's challenge to the enhanced sentence because Supreme Court "failed to advise defendant of either the conduct that could result in the imposition of an enhanced sentence before defendant waived his right to appeal . . . or the potential periods of incarceration for an enhanced sentence" (*People v Sundown*, 305 AD2d 1075, 1075-1076 [2003]; *cf. People v Patton*, 273 AD2d 839 [2000], *lv denied* 95 NY2d 937 [2000]; *People v Wynn*, 239 AD2d 921 [1997], *lv denied* 90 NY2d 912 [1997]). Nevertheless, we reject the contention of defendant that he was denied his right to due process when the court imposed an enhanced sentence based on his postplea arrest. "To satisfy due process requirements, '[w]hen an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime,' the court must conduct an inquiry 'at which the defendant has an opportunity to show that the arrest is without foundation'" (*People v McClemore*, 276 AD2d 32, 36 [2000], quoting *People v Outley*, 80 NY2d 702, 713 [1993]). "The nature and extent of the inquiry . . . is within the court's discretion," but it must be of sufficient depth so that the court may be satisfied that there is a legitimate basis for the arrest (*Outley*, 80 NY2d at 713; *see McClemore*, 276 AD2d at 36). We conclude that defendant was afforded "an adequate opportunity to explain the circumstances

of the arrest" and that the court properly determined that there was a legitimate basis for the arrest (*Outley,* 80 NY2d at 714; *see People v Relyea,* 1 AD3d 1016, *lv denied* 1 NY3d 633 [2004]; *People v Smith,* 300 AD2d 1038, 1039 [2002], *lv denied* 99 NY2d 632 [2003]).

Finally, the enhanced sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.