**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**725**

**KA 11-00449**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DENNIS JACOBS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 4, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because Supreme Court failed to advise defendant of the potential periods of incarceration or the potential maximum term of incarceration (*see People v Newman*, 21 AD3d 1343; *People v McLean*, 302 AD2d 934; *cf. People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737), and there was no specific sentence promise at the time of the waiver (*cf. People v Semple*, 23 AD3d 1058, 1059, *lv denied* 6 NY3d 852). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe in light of the severity of the offense and the favorable nature of the plea agreement.

Entered:  June 15, 2012                          Frances E. Cafarell
                                                  Clerk of the Court