# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

843

KA 11-00846

PRESENT: SCUDDER, P.J., SMITH, CENTRA, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY J. RAVARINI, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Mark A. Violante, A.J.), rendered April 6, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because County Court failed to advise defendant of the potential periods of incarceration or the potential maximum term of incarceration (*see People v Newman*, 21 AD3d 1343; *People v McLean*, 302 AD2d 934; *cf. People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737), and there was no specific sentence promise at the time of the waiver (*cf. People v Semple*, 23 AD3d 1058, 1059, *lv denied* 6 NY3d 852). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered:  June 29, 2012                    Frances E. Cafarell
                                           Clerk of the Court