# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**783**

**KA 10-02371**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

        V                        MEMORANDUM AND ORDER

QUENTIN L. VIRGIL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 19, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [1]), defendant contends that the waiver of the right to appeal is not valid and that the sentence is unduly harsh and severe. Although defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because Supreme Court "failed to advise defendant of the potential periods of incarceration or the potential maximum term of incarceration . . . , and there was no specific sentence promise at the time of the waiver" (*People v Ravarini*, 96 AD3d 1700, 1701, *lv denied* 20 NY3d 1014; *see People v Kelly*, 96 AD3d 1700, 1700). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered: July 5, 2013                        Frances E. Cafarell
                                                     Clerk of the Court