# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**167**

**KA 12-01098**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

IKIKO K. BROWN, DEFENDANT-APPELLANT.

---

LESLIE R. LEWIS, NEW HARTFORD (PETER DIGIORGIO, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 24, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of robbery in the first degree (Penal Law § 160.15 [1], [2]), defendant contends that his plea to count one of the indictment was involuntarily entered because County Court, during the plea colloquy, misstated the law regarding accomplice liability. We note, however, that the alleged misstatement was made after defendant pleaded guilty and thus could not have rendered defendant's plea involuntary. In any event, because defendant did not move to withdraw his plea or to vacate the judgment of conviction on that ground, defendant's challenge to the voluntariness of his plea is unpreserved for our review (*see People v Bloom*, 96 AD3d 1406, 1406, *lv denied* 19 NY3d 1024).

Defendant further challenges the voluntariness of the plea on the ground that he made a statement during the plea colloquy that negated an element of the crime, thus rendering applicable the exception to the preservation rule in *People v Lopez* (71 NY2d 662, 666). We reject that contention. Defendant stated that he was in police custody when his codefendant, in an attempt to flee following the robbery, shot a deputy sheriff in the foot and thereby caused him serious physical injury. According to defendant, his statement about being in custody negated an element of robbery in the first degree under Penal Law § 160.15 (1), as charged in count one, which provides that a person is guilty of that crime when "he forcibly steals property and when, in

the course of the commission of the crime *or of immediate flight therefrom*, he *or another participant* in the crime . . . [c]auses serious physical injury to any person who is not a participant in the crime" (emphasis added).

The exception to the preservation rule set forth in *Lopez* permits review when the "factual recitation negates an essential element of the crime pleaded to" and the court fails to make a "further inquiry to ensure that defendant understands the nature of the charge" (*id.* at 666). Here, although defendant's statement about being in custody may have raised an issue of fact whether the codefendant caused serious injury to the deputy during the immediate flight from the robbery (*see People v Irby*, 47 NY2d 894, 895), it did not negate an element of the crime. In any event, after defendant made that statement, the court inquired further of defendant, who admitted that the shooting took place during the immediate flight from the robbery. We thus conclude that defendant's factual recitation, when viewed in its entirety, did not negate an essential element of the crime charged under count one of the indictment.

Finally, defendant contends that his sentence—an aggregate term of 30 years' imprisonment plus five years of postrelease supervision—is unduly harsh and severe considering that he has a minimal prior record (one misdemeanor, for which he was sentenced to community service), his participation in the crimes was limited to being the getaway driver, and, unlike his codefendant, he immediately surrendered to the police and accepted responsibility for his wrongdoing. Because defendant waived his right to appeal, however, he is precluded from asking us to modify his sentence as a matter of discretion in the interest of justice (*see People v Lopez*, 6 NY3d 248, 256; *People v Suttles*, 107 AD3d 1467, 1468, *lv denied* 21 NY3d 1046). We reject defendant's contention that his waiver of the right to appeal does not encompass his challenge to the severity of his sentence because the court failed to inform him of the maximum sentence he could receive. " '[T]he requirement that a defendant be apprised of [the] maximum sentence in order for a waiver [of the right to appeal] to be valid does not apply in a situation such as this where there is a specific sentence promise at the time of the waiver' " (*People v Semple*, 23 AD3d 1058, 1059, *lv denied* 6 NY3d 852; *cf. People v Hidalgo*, 91 NY2d 733, 737). We note that the certificate of conviction incorrectly recites that defendant was convicted of two counts of robbery in the first degree under Penal Law § 165.15 (1), and it must therefore be amended to reflect that he was convicted of one count under that subdivision and one count under Penal Law § 165.15 (2) (*see generally People v Saxton*, 32 AD3d 1286, 1286-1287).

Entered: March 21, 2014                    Frances E. Cafarell
                                           Clerk of the Court