# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**561**
**KA 15-00166**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT L. JONES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 2, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see People v Taggart*, 124 AD3d 1362, 1362; *see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver by its terms forecloses any challenge by defendant to the severity of the sentence (*see Lopez*, 6 NY3d at 255; *see generally People v Hidalgo*, 91 NY2d 733, 737). Although County Court failed to apprise defendant of the maximum sentence he could receive upon his conviction, " 'the requirement that a defendant be apprised of [the] maximum sentence in order for a waiver to be valid does not apply in a situation such as this[,] where there is a specific sentence promise at the time of the waiver' " (*People v Semple*, 23 AD3d 1058, 1059, *lv denied* 6 NY3d 852; *see People v Brown*, 115 AD3d 1204, 1206, *lv denied* 23 NY3d 1060).

Entered: April 28, 2017                              Frances E. Cafarell
                                                     Clerk of the Court