People v Cottell (2019 NY Slip Op 03983)





People v Cottell


2019 NY Slip Op 03983


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-07089
 (Ind. No. 89/16)

[*1]The People of the State of New York, respondent,
v
Adam T. Cottell, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered June 27, 2017, convicting him of aggravated sexual abuse in the first degree, criminal sexual act in the first degree, criminal mischief in the fourth degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of the right to appeal was valid, as the record demonstrates that it was made knowingly, intelligently, and voluntarily. The record shows that the defendant had a full appreciation of the consequences of the waiver, and understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon his plea of guilty (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256; People v Seaberg, 74 NY2d 1, 11; People v Batista, 167 AD3d 69, 73). Although the defendant contends that the waiver was invalid because he was not advised at the time of his plea of the maximum permissible sentence, the requirement that a defendant be apprised of the maximum permissible sentence in order for a waiver to be valid does not apply in a situation where, as here, there is a specific sentence promise at the time of the waiver (see People v Brown, 115 AD3d 1204, 1206; People v Grant, 294 AD2d 671, 672; cf. People v Lococo, 92 NY2d 825; People v Hidalgo, 91 NY2d 733).
The defendant's valid waiver of the right to appeal forecloses appellate review of his challenges to the hearing court's adverse suppression rulings (see People v Kemp, 94 NY2d 831; People v Kates, 162 AD3d 1627, 1628; People v Anlyan, 142 AD3d 670, 671), as well as his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d at 264-265; People v Lopez, 6 NY3d at 255; People v Vecchio, 168 AD3d 1000).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court