People v Hicks (2020 NY Slip Op 06660)





People v Hicks


2020 NY Slip Op 06660


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


991 KA 19-02141

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMBER M. HICKS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered September 16, 2019. The judgment convicted defendant upon her plea of guilty of criminal possession of a controlled substance in the fifth degree and obstructing governmental administration in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on the count of criminal possession of a controlled substance in the fifth degree to a determinate term of one year and as modified the judgment is affirmed and the matter is remitted to Cattaraugus County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) and obstructing governmental administration in the second degree (§ 195.05). Contrary to defendant's contention, her waiver of the right to appeal was knowing, voluntary and intelligent (see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We agree with defendant, however, that the valid waiver of the right to appeal does not encompass her challenge to the severity of the sentence because County Court did not advise defendant, at the time of the plea, of the potential term of incarceration that she could face if she was unsuccessful upon diversion to drug court (see People v Leiser, 124 AD3d 1349, 1350 [4th Dept 2015]; see generally People v Villafane, 96 AD3d 1588, 1588 [4th Dept 2012], lv denied 19 NY3d 1029 [2012]). After considering, inter alia, defendant's minimal criminal history, the nature of the instant offense, and the circumstances of defendant's continued incarceration, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of incarceration imposed on the count of criminal possession of a controlled substance in the fifth degree to a determinate term of
one year of imprisonment (see CPL 470.15 [6] [b]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court