People v Patterson (2021 NY Slip Op 00984)





People v Patterson


2021 NY Slip Op 00984


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1247 KA 18-01865

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCHWANIKA R. PATTERSON, DEFENDANT-APPELLANT. 






DANIEL M. GRIEBEL, TONAWANDA, FOR DEFENDANT-APPELLANT.
SCHWANIKA R. PATTERSON, DEFENDANT-APPELLANT PRO SE.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ROBERT R. CALLI, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered March 16, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of burglary in the first degree (Penal Law
§ 140.30 [2]). We agree with defendant in her main brief that her purported waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Defendant's contentions in her main brief regarding the written waiver of indictment are " 'forfeited by [her] guilty plea' inasmuch as defendant 'lodges no claim that [s]he lacked notice of the precise crime[s] for which [s]he waived prosecution by indictment' " (People v Ramirez, 180 AD3d 1378, 1379 [4th Dept 2020], lv denied 35 NY3d 973 [2020]).
Defendant further contends in her main brief that her plea was not knowingly and voluntarily entered. Because defendant did not move to withdraw the plea or to vacate the judgment of conviction, her contention is not preserved for our review (see People v Brown, 115 AD3d 1204, 1205 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (People v Lewandowski, 82 AD3d 1602, 1602 [4th Dept 2011]). Moreover, we note that the court conducted further inquiry to ensure that the plea was knowingly and voluntarily entered (see Lopez, 71 NY2d at 666; Brown, 115 AD3d at 1206).
To the extent that defendant's contention in her pro se supplemental brief that she did not receive effective assistance of counsel survives her plea of guilty (see People v Wright, 66 AD3d 1334, 1334 [4th Dept 2009], lv denied 13 NY3d 912 [2009]), we conclude that it lacks merit. Defense counsel secured an advantageous plea offer and "nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]). Although defendant contends that she was denied effective assistance of counsel based on defense counsel's failure to make certain discovery demands and to conduct motion practice, we note that defendant has provided no indication that any such action would have produced a successful result, and "[i]t is well established that [t]here can be no denial of effective assistance of . . . counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007] [internal quotation marks omitted]). Furthermore, "[d]efense counsel's failure to file an omnibus motion does not, by itself, constitute ineffective assistance of counsel" (People v Willey, [*2]48 AD3d 1097, 1098 [4th Dept 2008], lv denied 10 NY3d 965 [2008]; see People v Bueno, 299 AD2d 918, 918 [4th Dept 2002], lv denied 99 NY2d 612 [2003]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, contrary to defendant's contentions in her main and pro se supplemental briefs, we conclude that the sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court